GREGORIO MUÑOZ ET AL., Plaintiffs and Appellants, *v.* VICENTE MONTAÑEZ, Defendant and Appellee.

No. 4186. Argued June 9, 1927.—Decided July 26, 1927.

*José G. Torres* for the appellants. *J. Texidor, D. Pellon* and *Antonio Ayuso* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order of the District Court of San Juan of the 17th of January refusing to punish the defendant for contempt.

It appears from the record that on December 27, 1926, the

district court rendered judgment granting an injunction to the plaintiffs to retain the ownership of a parcel of land of twenty-five acres and consequently that an order be issued restraining the defendant from further committing the acts which he had been committing, or others of a like nature, and ordering him not to disturb the plaintiffs in the peaceful possession of the property, warning him that violation of the order would be contempt.

Then there appears a motion of the plaintiffs dated January 10th stating that notice of the aforesaid judgment had been given to the defendant on December 30, 1926, and that "notwithstanding the order the defendant has not removed the fence built by him on the said parcel of land nor ceased cultivating it through his employees Jesús María Santos and Natalio Nevares."

It is further stated in the said motion "that although the judgment has been appealed from, this is a case of injunction in which the order of the court should be complied with without prejudice to any relief that the defendant might think convenient." The motion concludes with a prayer that the defendant be punished for contempt.

Immediately follows the order appealed from. In it the judge refuses to act as requested because in his opinion the judgment could not be executed until after thirty days from its date and still further that it could not be executed because it had been appealed from.

The appellants contend that the order of January 17th is entirely erroneous. In their argument they attempt to represent this case as being of a special nature requiring the immediate execution of the judgment.

The transcript is silent as to what may have occurred prior to the pronouncement of the judgment, in which reference is made to provisional measures. It is known that our juridical system is full of remedies for the provisional enforcement of rights, by giving security or even without

it in certain cases. Perhaps it may be well to cite here the opinion of this court in *Heirs of Rivera* v. *González*, 33 P.R.R. 973.

The procedure followed is apparently adjusted to the special law for the recovery of possession of real property authorized by Act No. 43 of 1913 (p. 83), as amended by Act No. 11 of 1917 (vol. 2, p. 220). No provision is made in that Act that the judgment rendered should be executed immediately. No special measures are mentioned. The only provision is for a speedy proceeding. Nor is anything said with respect to the right of appeal, but by applying the general provisions of the Code of Civil Procedure, to which special reference is made regarding the form of the wording of the complaint, we must acknowledge that the right exists and is governed by the provisions of the said code.

This being so, the case must be governed by the general law on the execution of judgments and appeals.

Section 3 of the Act relating to judgments and the manner of satisfying them of 1905, section 5297 of the Compilation of 1911, reads:

"After the expiration of thirty days from the rendering of a final judgment in the district court, if no appeal has been perfected, the Secretary shall issue execution upon such judgment at any time thereafter upon the application of the successful party.

"And execution may issue in the same manner upon a judgment of a municipal court at any time after ten days of the rendering of such judgment."

The Spanish text is as follows:

"*Cuando el asunto se origine en una corte de distrito, si no se apelare del fallo definitivo dentro de los 30 días siguientes a aquel en que se dicte la sentencia, el secretario expedirá la orden de ejecución en cualquier tiempo después de transcurrido dicho plazo si así lo solicitase la persona a cuyo favor se haya dictado la sentencia.*

"*Del mismo modo se expedirá la orden de ejecución en los juzgados municipales si no se hubiera apelado la sentencia dentro de los diez días después de dictada.*"

It seems to us that the intention of the legislators is so clear that there is no room for any construction other than that execution can issue only within the time fixed by them.

That rule was followed in the present case. It appears from the motion of the appellants that notice of the judgment had been given (it is the duty of the secretary to give notice thereof as soon as it is rendered), but not that a writ of execution had been issued.

The only question is whether the time should be thirty or ten days, since it is a case of a special proceeding called injunction, subdivision 3 of section 295 of the Code of Civil Procedure, and this is of no importance because it is not even properly shown that the period of ten days had expired when the motion of the appellants was filed.

Moreover, that the appeal taken stays all proceedings in the court below with certain exceptions, among which the present case is not to be found, is clearly established by the law itself, as follows:

"Section 296. An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney.

"Section 297. Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from.

"Section 298. The perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court. And except also where the order grants, or refuses to grant, a change of the place of trial of an action."

The foregoing would be sufficient to justify a dismissal of the appeal but for an interesting discussion which took place

in the conference chamber of the court where it was contended that in order to consider the appeal perfected and the proceedings stayed by virtue thereof it is necessary to give the security required by section 298 of the Code of Civil Procedure as set forth in the English text, as follows:

"The perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section—, stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; . . ."

Eighteen years ago in the case of *Amsterdam* v. *Puente,* 15 P.R.R. 143, this court by Mr. Justice Hernández, said:

"The respondents have filed a motion in this Supreme Court to dismiss the appeal taken on the ground that the appellants had not furnished any bond whatever, and had not been relieved by stipulation to furnish it.

"Section 296 of our Code of Civil Procedure does not require, either in its Spanish or in its English text, that bond be furnished to take an appeal; but section 298 of the English text prescribes that the perfecting of an appeal, by giving the undertaking or making the deposit mentioned in a section, the number of which it does not give, stays proceedings in the court below upon the order or judgment appealed from, with the exception stated.

"The Spanish text of section 298 does not agree with the English text.

"Said section 298, according to the English text, can not be efficient in law, for the purpose of requiring an undertaking or deposit to perfect an appeal, because it starts from the assumption that such formality has been required by another section of the said Code of Civil Procedure, in which we do not find any provision whatsoever relating to the matter.

"Furthermore, section 296 of the Code of Civil Procedure is a reproduction of section 3574 of the Code of Idaho, and although said section 3574 provides that the appeal is invalid for any purpose, unless an undertaking be given or a deposit be made within five days after service of notice of the appeal, this provision has not been embodied in section 296 of the Code of Porto Rico, and therefore it was the intention of the Legislature not to extend it to this Island.

"Said section 298 of our Code of Civil Procedure appears to

have been taken from section 3583 of the Code of Idaho, which refers to section 3575 of the same code, which has not been embodied in ours.

"For the reasons stated, we are of the opinion that notwithstanding the English text of section 298 of the Code of Civil Procedure of Porto Rico, the undertaking or deposit are not necessary requisites for the taking of an appeal, and consequently the motion of the respondents should be dismissed, with the costs against them."

The foregoing opinion set a standard which since then has been followed constantly and uniformly, and being submitted now to a new analysis, a majority of the court are of the opinion that it should hold good because it is based on a proper consideration of the facts and a clear construction of the law.

The order appealed from must be affirmed.

Mr. Justice Wolf dissented.